IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

PENSION AMERICA, INC., SELECTIVE FUTURES MANAGEMENT, LLC, FUTURES PROFIT MAKING, LLC, SPECIALIZED COMMODITY TIMING, LLC, COMMODITY TIMING SPECIALISTS, LLC, EDWARD STEVENSON KIRRIS III, LEONARD G. NAUMAN D/B/A NAUMAN ADVISORY SERVICES and WILLIAM RELF,

Defendants,

And

KIDZ FIRST INTERNATIONAL, INC.,

Relief Defendant.

CIVIL ACTION NO. 00-207/RHK/SRN

# STATUTORY RESTRAINING ORDER

The Court having read the Complaint for Injunctive and Other Equitable Relief, the Application for Entry of Statutory Restraining Order, the brief in support thereof, the Declarations of Juneal Fisk, Steve Martin, Leo Tautges, Gerald Labarre, David Wiltgen, David Lommel, Michael Szczech, Gerald Pantzke and Ken Hampton, with the exhibits annexed thereto, excerpts from the investigative testimony given by defendants Edward Stevenson Kirris III ("Kirris"), William J. Relf ("Relf") and excerpts of testimony by defendants' former secretary,

FILED SEP 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Betty Behlolavek ("Behlolavek"), and all other papers filed herein by the plaintiff Commodity Futures Trading Commission ("Commission"), it appearing that the Court has jurisdiction over the subject matter and that Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (1994), permits this Court to grant a statutory restraining order; it further appearing to the satisfaction of the Court that there is good cause to believe that defendants have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(i) – (iii), 4m(1), 4n(4) and 4o(1) of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 6b(a)(i) – (iii), 6m(1), 6n(4) and 6o(1) (1994), and Regulations 4.20(c), 4.21 and 4.22, thereunder, 17 C.F.R. §§ 4.20(c), 4.21 and 4.22 (2000); and it further appearing to the satisfaction of the Court that there is good reason to believe that the relief defendant, Kidz First International, Inc. ("KFI"), received commodity futures investor funds to which it had no legitimate entitlement; and it further appearing to the satisfaction of the Court that this is a proper case for granting a statutory restraining order to preserve the status quo and to protect public customers from loss and damage;

1. IT IS HEREBY ORDERED that Pension America, Inc. ("PAI"), Futures Profit Making, LLC ("FPM"), Selective Futures Management, LLC ("SFM"), Specialized Commodity Timing, LLC ("SCT"), Commodity Timing Specialists ("CTS"), Kirris, Leonard G. Nauman d/b/a Nauman Advisory Services ("Nauman") and Relf and relief defendant KFI, and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of PAI, FPM, SFM, SCT, CTS, Kirris, Nauman Relf and relief defendant KFI, and all persons insofar as they are acting in active concert or participation with PAI, FPM, SFM, SCT, CTS, Kirris, Nauman and Relf and relief defendant KFI, who receive actual notice of this Order by personal service or otherwise, shall be prohibited from directly or indirectly:

Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashier's checks, funds, assets or other property of, or within the custody, control or possession of the defendants or relief defendant, including funds or property of investors, wherever located, whether held in the name PAI, FPM, SFM, SCT, CTS, Kirris, Nauman, Relf and relief defendant KFI, or otherwise; and

Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the defendants or relief defendant wherever located, including all such records concerning defendants' and relief defendant's business operations, until further order of the Court.

2. IT IS FURTHER ORDERED THAT each firm, corporation or other person or entity with notice which holds, or which is a depository of, funds, securities, property, or other assets of or under the control of PAI, FPM, SFM, SCT, CTS, Kirris, Nauman, Relf and relief defendant KFI, whether held in the name of PAI, FPM, SFM, SCT, CTS, Kirris, Nauman, Relf and relief defendant KFI or otherwise, including funds and property of investors, is prohibited from transferring, withdrawing, removing, or disposing of any such funds, securities, property, or other assets until further order of this Court.

3. IT IS FURTHER ORDERED that representatives of the plaintiff Commission be allowed to immediately inspect the books, records and other electronically stored data, tape recordings, and other documents of the defendants and the relief defendant and their agents, including all such records of defendants' and relief defendant's business operations, wherever they are situated and whether they are in the hands of the defendants, relief defendant or others and to copy said documents, data, and records either on or off the premises where they may be situated.

4. IT IS FURTHER ORDERED that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any defendant or the relief defendant, or that may be subject to any provision of this Order.

5. IT IS FURTHER ORDERED that the defendants shall serve all pleadings, correspondence, notices required by this Order and other materials on the Commission by delivering a copy to Susan Gradman, Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 300 South Riverside Plaza, Suite 1600N, Chicago, IL 60606.

6. IT IS FURTHER ORDERED that each of the defendants shall appear before this Court on the 12th day of September, 2000, at 9 a.m., before the Honorable Richard H. Kyle, at the United States Courthouse for the District of Minnesota at St. Paul to show cause why this Court should not enter a preliminary injunction enjoining the defendants from further violations of the Act, continuing the freeze on the assets of the defendants and ordering any additional relief this Court deems appropriate.

7. IT IS FURTHER ORDERED that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

SO ORDERED, at St. Paul, Minnesota on this 7th day of September, 2000, at 8:30 a.m.

UNITED STATES DISTRICT JUDGE