IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

PENSION AMERICA, INC., SELECTIVE FUTURES MANAGEMENT, LLC, FUTURES PROFIT MAKING, LLC, SPECIALIZED COMMODITY TIMING, LLC, COMMODITY TIMING SPECIALISTS, LLC, EDWARD STEVENSON KIRRIS III, LEONARD G. NAUMAN D/B/A NAUMAN ADVISORY SERVICES and WILLIAM RELF,

Defendants,

and

KIDZ FIRST INTERNATIONAL, INC.,

Relief Defendant.

Civil Action No. 00-2071 RHK/SRN

FILED 9-15-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST KIDZ FIRST INTERNATIONAL, INC.

Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against defendants, Pension America, Inc. ("PAI"), Futures Profit Making, LLC ("FPM"), Selective Futures Management, LLC ("SFM"), Specialized Commodity Timing, LLC ("SCT"), Commodity Timing Specialists ("CTS"), Edward Stevenson Kirris, III ("Kirris"), Leonard G. Nauman d/b/a Nauman Advisory Services ("Nauman") and William J. Relf ("Relf") (collectively the "defendants") and relief defendant Kidz First International, Inc. ("KFI"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (1994), and Regulations promulgated thereunder, 17 C.F.R. §§ et seq. (1997). Relief defendant KFI without admitting or denying the allegations of the Complaint for

the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), except as to jurisdiction and venue, which it admits, consents to the entry of this Order and states that its consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce KFI to consent to this order.

THE PARTIES AGREE AND THE COURT FINDS THAT:

1. This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (1994), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that the defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. Relief defendant KFI enters its appearance and acknowledges receipt of the Complaint.

4. Relief defendant KFI waives the entry of findings of facts and conclusions of law in this action pursuant to Rule 52 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED THAT:

1. Relief defendant KFI is restrained, enjoined and prohibited, until further order of the court, from directly or indirectly:

A. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashier's checks, funds, assets or other property of, or within the custody, control or possession of relief defendant KFI including funds or property of investors in the FPM, SFM, SCT and CTS pools, wherever located, whether held in the name of PAI, FPM, SFM, SCT, CTS, Kirris, Nauman, Relf, KFI or otherwise and the assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order except as specified in paragraph 3 below; and

B. Destroying, mutilating, concealing, altering or disposing of, or refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning defendants' and relief defendant's business operations.

2. The injunctive provisions of this Order shall be binding on relief defendant KFI upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of relief defendant KFI and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with relief defendant KFI.

3. IT IS ORDERED that Greene Espel, P.L.L.P. is appointed as limited equity receiver ("limited receiver"), without bond, for defendant KFI and its affiliates and subsidiaries (hereinafter referred to as "the receivership defendant"), and of all the funds, properties, premises, accounts and other assets directly or indirectly owned, beneficially or otherwise, by the receivership defendant, individually or collectively (the "receivership estate"), for the purpose of

monitoring, preserving and accounting for the assets that are subject to this order and monitoring and supervising KFI's activities in accordance with the provisions of this Order set forth below.

4. Until further order of the court, KFI may continue its business operations under the direction and control of present management. KFI shall continue to sell its inventory and transact business. Revenue generated by KFI shall be added to the receivership estate as described below. KFI may not dissipate the receivership estate until the disposition of that estate has been determined by the court. However, KFI may incur liability for loans in the ordinary course of business, and incur and pay all ordinary and necessary business expenses, including repayment of loans, from the receivership estate, which shall be subject to approval by the limited receiver. All dispositions of funds from the receivership estate, until further order of the court, shall be subject to monitoring by the limited receiver.

A. The limited receiver is hereby directed to monitor, preserve and account for assets of the receivership estate, including without limitation, all funds, credits, moneys, accounts, contracts, financial records, property, and income and profits therefrom, premises, computers, leases, contracts, books, work papers, financial records, records of accounts, mail and all other documents and assets of, or in the possession or under the control of the receivership defendant, wherever situated.

B. The limited receiver is hereby directed to monitor, preserve and account for the receivership estate until further order of this Court, with full authority to perform all acts necessary or incidental thereto; including without limitation:

1. Open bank accounts in the name of the limited receiver on behalf of the receivership estate;

2. Make such payments and disbursements as may be necessary and advisable for the preservation of the properties for the receivership estate and as may be necessary and advisable in discharging his duties as receiver;

3. Monitor the receipt and collection of any and all sums of money due to or owing to the receivership defendant, individually or

collectively, in any manner whatsoever, whether the same are now due or shall hereafter become due and payable, and to do such things and enter into such agreements in connection with the preservation and maintenance of the receivership estate as the receiver may deem advisable;

4. Record this Order with governmental agencies and serve it upon any person he deems appropriate in furtherance of his responsibilities in this matter;

5. Obtain, by presentation of this Order, information within the custody or control of any person, firm, or entity sufficient to identify the accounts, employees, properties, or other assets or obligations of the receivership defendants;

6. Compel, including by subpoena, the appearance and testimony of all persons and the production of the originals of any records, of any sort whatsoever, within the possession, custody or control of any person, in performing his duties as set forth in this Order;

7. Institute, prosecute, defend, compromise, adjust, intervene in or become party to such actions or proceedings in state or federal courts as may, in the limited receiver's opinion, be necessary or proper for the collection, protection, maintenance, and preservation of the receivership estate, including the collection of assets conveyed by the receivership defendant, or the carrying out of the terms of this Order;

8. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings in state or federal court instituted against him as receiver or against the receivership defendant,where such defense or disposition will in the judgement of the receiver be advisable or proper for the protection of the receivership estate; and

9. Appear in and conduct the defense of any suit or adjust or compromise any actions or proceedings now pending in any court by or against the receivership defendant, where such prosecution, defense or other disposition of such actions or proceedings will, in the judgement of the limited receiver, be advisable or proper for the protection of the receivership estate.

C. The Limited Receiver shall:

1. Unless otherwise performed by Plaintiff Commission, perform an accounting of all proceeds derived from the activities of the receivership defendant that are the subject of this action, including but not limited to: (a) the receivership defendant's solicitation, receipt, disposition, investment and use of the proceeds from such activities; (b) the assets of the receiver estate; and (c) monies paid to investors, creditors and others;

2. The limited receiver shall file interim reports with the Court as he deems appropriate.

D. Any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation that maintains or has custody or control of any brokerage or deposit account or other assets of any of the receivership defendants or of assets under the control of the receivership defendants, and that receives actual notice of this Order by personal service (including by facsimile transmission, courier service, or U.S. mail) shall, within three (3) business days of receipt of that notice, serve on the limited receiver a certified statement setting forth the balance of each such account and a description of the assets held as of the close of business on the date of the receipt of such notice.

E. The receivership defendant, and any other person or entity served with a copy of this Order, shall forthwith or within such time permitted by the limited receiver in writing, deliver to said limited receiver Copies of all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers) all client lists, title documents and other papers of the receivership defendants;

F. The limited receiver and all persons engaged or retained by him are authorized to communicate with all persons deemed appropriate by the receiver for the purpose of informing them of the status of this matter and the financial condition of the receivership estate.

5. The limited receiver and all personnel hired by the limited receiver as herein authorized, including counsel to the limited receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to the Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when

rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The limited receiver and all personnel hired by the limited receiver shall be compensated solely out of the funds now held by or in the possession or control of, or which may in the future be received by, the receivership estate and shall not be entitled to any compensation from the Commission. The limited receiver shall file with the Court and serve on the parties requests for the payment of such reasonable compensation with the first such request filed no more than sixty days after the date of this Order and subsequent requests filed monthly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the limited receiver and all personnel hired by the limited receiver. The limited receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

6. Defendant KFI shall prepare, sign and file with the Court, under the auspices of the limited receiver, within 45 days of this Order, a complete and accurate accounting for the period of January 1997 to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets, safe deposit boxes and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by KFI, whether individually or jointly;

B. All funds, securities, commodity interests, assets, safe deposit boxes and other property received directly or indirectly by KFI, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

C. All funds, securities, commodity interests, assets, safe deposit boxes and other property transferred or otherwise disposed of directly or indirectly by KFI whether individually or jointly, describing the source, amount, disposition, and current location of each listed item; and

D. The name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by KFI, either individually or jointly.

7. It is the intent of the parties to this order that Greene Espel, P.L.L.P. (Including but not limited to partners, other attorneys, employees and agents) shall not bear any risk of liability or cost of defense arising out of claims which may be made against Greene Espel, P.L.L.P. in its capacity as limited receiver under this Order, with the limited exception that Greene Espel, P.L.L.P. shall be responsible for its own intentional acts of dishonesty. Accordingly, the parties to this Order shall hold Green Espel, P.L.L.P. harmless and without responsibility for damage or other liability arising out of Greene Espel's performance of its duties as limited receiver, subject to the limited exclusion for intentional acts of dishonesty by Greene Espel, P.L.L.P. KFI further agrees to indemnify Greene Espel, P.L.L.P. against liability and the cost of defense arising out of claims which may be made against Greene Espel, P.L.L.P. in its capacity as limited receiver under this Order, with the limited exception that the indemnification obligation shall not cover intentional acts of dishonesty by Greene Espel, P.L.L.P.

8. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

Done and ordered on this 15th day of September, 2000.

United States District Court Judge

Consented to and
approved for entry by:

Kidz First International, Inc.
by Leonard G. Nauman

Susan J. Gradman
Trial Attorney

Mark H. Bretscher
Senior Trial Attorney

Attorneys for the Plaintiff
Commodity Futures Trading Commission
300 South Riverside Plaza, Suite 1600N
Chicago, IL 60606
(312) 353-5990
(312) 353-4502 (fax)

Local Counsel:
Joan D. Humes
Attorney Registration No. 214462
Assistant United States Attorney
Civil Division
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
(612) 664-5787 (fax)