IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

PENSION AMERICA, INC., SELECTIVE FUTURES MANAGEMENT, LLC, FUTURES PROFIT MAKING, LLC, SPECIALIZED COMMODITY TIMING, LLC, COMMODITY TIMING SPECIALISTS, LLC, EDWARD STEVENSON KIRRIS III, LEONARD G. NAUMAN D/B/A NAUMAN ADVISORY SERVICES and WILLIAM RELF,

Defendants,

and

KIDZ FIRST INTERNATIONAL, INC.,

Relief Defendant.

Civil Action No.
00-2071 RHK/SRN

FILED 9-15-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST EDWARD STEVENSON KIRRIS, III, SELECTIVE FUTURES MANAGEMENT, LLC

Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against defendants, Pension America, Inc. ("PAI"), Futures Profit Making, LLC ("FPM"), Selective Futures Management, LLC ("SFM"), Specialized Commodity Timing, LLC ("SCT"), Commodity Timing Specialists ("CTS"), Edward Stevenson Kirris, III ("Kirris"), Leonard G. Nauman d/b/a Nauman Advisory Services ("Nauman") and William J. Relf ("Relf") (collectively the "defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (1994), and Regulations promulgated thereunder, 17 C.F.R. §§ et seq. (1997). Defendants Kirris and SFM without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary

Injunction and Other Equitable Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that their consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce Kirris and SFM to consent to this order.

THE PARTIES AGREE AND THE COURT FINDS THAT:

1. This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (1994), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that the defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. Defendants Kirris and SFM enter their appearances and acknowledge receipt of the Complaint.

4. Defendants Kirris and SFM waive the entry of findings of facts and conclusions of law in this action pursuant to Rule 52 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED THAT:

1. Defendants Kirris and SFM are restrained, enjoined and prohibited, until further order of the court, from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract or sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (a) hedging any transaction in interstate commerce in such commodity or the products or by products thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(i) and (iii) (1994);

B. Willfully making or causing to be made to such other person any false report or statement thereof, in violation of Section 4b(a)(ii) of the Act, 7 U.S.C. § 6b(a)(ii) (1994);

C. Acting as commodity pool operators ("CPO") without being registered under the Act and using the mails or any means or instrumentality of interstate commerce in connection with their business as CPOs, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

D. As CPOs, employing any device, scheme or artifice to defraud any pool participant or prospective pool participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any pool participant or prospective pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (1994);

E. As CPOs, commingling the property of any pool they operate or intend to operate with the property of any other person, in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c) (1998);

F. As CPOs, failing to regularly furnish appropriate statements of account to each pool participant in each pool that they operate, in a form and manner proscribed by the Commission, including complete information as to the current status of all trading accounts in which such pool participant has an interest, in violation of Section 4n(4) of the Act, 7 U.S.C. § 6n(4) (1994) and Regulation 4.22, 17 C.F.R. § 4.22 (1998);

G. As CPOs, to, directly or indirectly, solicit, accept or receive funds, securities or other property from prospective pool participants without delivering or causing to be delivered to the prospective participant a Disclosure Document containing the information set forth in 17 C.F.R. § 4.24, in violation of Regulation 4.21, 17 C.F.R. § 4.21 (1998).

IT IS FURTHER ORDERED THAT:

1. Defendant Kirris is restrained, enjoined and prohibited, until further order of the court, from directly or indirectly:

A. Acting as a commodity trading advisor ("CTA") without being registered as such under the Act and using the mails or any means or instrumentality of interstate commerce in connection with his business as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994); and

B. As a CTA, employing any device, scheme or artifice to defraud any pool participant or prospective pool participant, or engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any pool participant or prospective pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (1994);

C. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashier's checks, funds, assets or other property of, or within the custody, control or possession of, defendants Kirris and SFM including funds or property of investors in the FPM, SFM, SCT and CTS pools, wherever located, whether held in the name of PAI, FPM, SFM, SCT, CTS, Kirris, Nauman, Relf, KFI or otherwise, however, the assets affected by this paragraph shall not include funds Kirris earns from sources other than commodity futures trading.

IT IS FURTHER ORDERED THAT:

1. Defendants Kirris and SFM are restrained, enjoined and prohibited, until further order of the court, from directly or indirectly:

A. Soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity futures contract, placing orders, giving advice or price quotations or other information in connection with the purchase or sale of any commodity futures contracts for themselves or others, introducing customers to any other person engaged in the business

of commodity futures trading, issuing statements or reports to others concerning commodity futures trading, and otherwise engaging in any business activity related to commodity futures trading; provided, however, that this shall not apply to the provision of only impersonal commodity trading advice disseminated through media such as Internet web sites, facsimiles and periodicals, if Kirris and SFM do not exercise discretionary control over their clients' accounts, the advice is not tailored to the financial situation of any specific client, Kirris and SFM do not have personal contact with their clients concerning investments in commodity futures or commodity options, and all of the information provided to each client is identical;

B. Controlling or directing the trading for any commodity futures accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

C. Trading commodity futures for their own accounts or having any commodity futures traded on their behalf; and

D. Seeking registration in any capacity under the Act and acting in any capacity for which registration with the Commission is required under the Act.

E. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashier's checks, funds, assets or other property of, or within the custody, control or possession of, defendant SFM including funds or property of investors in the FPM, SFM, SCT and CTS pools, wherever located, whether held in the name of PAI, FPM, SFM, SCT, CTS, Kirris, Nauman, Relf, KFI or otherwise and the assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order; and

F. Destroying, mutilating, concealing, altering or disposing of, or refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning defendants' and relief defendant's business operations.

2. The injunctive provisions of this Order shall be binding on defendants Kirris and SFM upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of defendants Kirris and SFM and upon any person who receives actual

notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with defendants Kirris and SFM.

3. Defendants Kirris and SFM shall prepare, sign and file with the Court, within 45 days of this Order, a complete and accurate accounting for the period of January 1, 1997 to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets, safe deposit boxes and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Kirris and SFM whether individually or jointly;

B. All funds, securities, commodity interests, assets, safe deposit boxes and other property received directly or indirectly by Kirris and SFM whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

C. All funds, securities, commodity interests, assets, safe deposit boxes and other property transferred or otherwise disposed of directly or indirectly by Kirris and SFM whether individually or jointly, describing the source, amount, disposition, and current location of each listed item; and

D. The name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Kirris and SFM either individually or jointly.

4. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

Done and ordered on this 15th day of September 2000.

United States District Court Judge

Consented to and
approved for entry by:

Edward Stevenson Kirris, III

Susan J. Gradman
Trial Attorney

Selective Futures Management, LLC
by Edward Stevenson Kirris, III

Mark H. Bretscher
Senior Trial Attorney

Commodity Futures Trading Commission
300 South Riverside Plaza, Suite 1600N
Chicago, IL 60606
(312) 353-5990
(312) 353-4502 (fax)

Joan D. Humes
Attorney Registration No. 214462
Assistant United States Attorney
Civil Division
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
(612) 664-5787 (fax)

Attorneys for the Plaintiff