UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Commodity Futures Trading Commission,

Plaintiff,

v.

Civ. No. 00-2071 (RHK/SRN)
**ORDER**

Pension America, Inc., et al.,

Defendants,

and

Kidz First International, Inc.,

Relief Defendant.

---

Before the Court is the Notice of First Request for Payment of Fees of the Limited Receiver, Greene Espel, P.L.L.P. The Limited Receiver's request is made pursuant to paragraph 5 of the Consent Order entered into between Kidz First International, Inc. ("Kidz First") and the Plaintiff Commodity Futures Trading Commission ("CFTC"). Attached to the request for payment of fees are invoices for fees and expenses incurred through October 31, 2000.

Paragraph 5 of the Consent Order provides that

> The limited receiver and all personnel hired by the limited receiver as herein authorized, including counsel to the limited receiver and accountants, are entitled to reasonable compensation for the performance of



NOV 28 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> duties pursuant to the Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The limited receiver and all personnel hired by the limited receiver shall be compensated solely out of the funds no held by or in the possession or control of, or which may in the future be received by, the receivership estate and shall not be entitled to any compensation from the Commission. The limited receiver shall file with the Court and serve on the parties requests for the payment of such reasonable compensation with the first such request filed no more than sixty days after the date of this Order and subsequent requests filed monthly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the limited receiver and all personnel hired by the limited receiver. The limited receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

(Consent Order of Prelim. Inj. ¶ 5 (Doc. No. 19).) The Court has reviewed the substance of the invoices attached to the Limited Receiver's first request for payment and finds that, with one exception, the services and costs described therein were either reasonably likely to benefit the receivership estate or necessary to the administration of the estate. The exception involves the first time entry, which pre-dates the entry of the Consent Order by which Greene Espel was appointed as limited receiver. Accordingly, the Court will not direct the payment of those fees, totaling $28.00.

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that the Limited Receiver's First Request for Payment of Fees incurred through October 31, 2000 is **GRANTED**. The Limited Receiver, Greene Espel, P.L.L.P., shall be compensated in the amount of nine thousand four hundred thirty-two dollars and

forty cents ($9,432.40) from the funds now held by or in the possession or control of, or which may in the future be received by, the receivership estate.

Dated: November 28, 2000

RICHARD H. KYLE
United States District Judge