**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**COMMODITY FUTURES TRADING CORPORATION,**

**Plaintiff,**

**v.**

**PENSION AMERICA, INC., SELECTIVE FUTURES MANAGEMENT, LLC, FUTURES PROFIT MAKING, LLC, SPECIALIZED COMMODITY TIMING, LLC, COMMODITY TIMING SPECIALISTS, LLC, EDWARD STEVENSON KIRRIS III, LEONARD G. NAUMAN D/B/A NAUMAN ADVISORY SERVICES, and WILLIAM RELF,**

**Defendants,**

**and**

**KIDZ FIRST INTERNATIONAL, INC.,**

**Relief Defendant.**

**Civil No. 00-2071(RHK/SRN)**

**O R D E R**

---

Susan J. Gradman, Esq., on behalf of Plaintiff Commodity Futures Trading Commission.

No appearance on behalf of any Defendant.

---

MAY 03 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 6, 2001, on a motion by Plaintiff Commodity Futures Trading Commission (CFTC) for an order compelling Defendants Leonard G. Nauman, Pension America, Inc., Future Profit Making, LLC, and relief Defendant Kidz First International, Inc. to produce documents responsive to Plaintiff's First Request for Production of Documents served on them on December 28, 2000.

Plaintiff CFTC sets out in detail the steps it took to garner a response to its document requests prior to filing this motion to compel. The Court finds that the CFTC has been both exceedingly diligent and patient with Mr. Nauman's failure to produce the documents requested. See Plaintiff's Motion to Compel Production of Documents at pp. 2-3. Although Mr. Nauman initially told the CFTC that he was unwilling to copy and produce the documents responsive to CFTC's requests and would not allow the original documents to leave his office, he was not adverse to allowing the CFTC to come to his office with a portable copy machine to copy the documents under his supervision, provided the CFTC did not send a "team" of people to his office. See Plaintiff's Motion to Compel Production of Documents at p. 2.

However when, in a letter dated February 9, 2001, the CFTC offered to send a copy service to meet Mr. Nauman at his office where it was

planned that Mr. Nauman would provide the copy service with all responsive documents for photocopying, and that the copy service would send the copies to CFTC and return the originals to Mr. Nauman, Mr. Nauman simply did not respond. Id. Then, in a letter dated March 7, 2001, the CFTC gave Mr. Nauman one more chance to comply with his discovery obligations by March 15, 2001, before the CFTC filed its motion to compel. See Plaintiff's Motion to Compel Production of Documents at p. 3. Mr. Nauman neither responded to the March 7th letter nor produced the requested documents. Id. Hence, the CFTC filed this motion to compel the Defendants to respond to the long-outstanding requests for production of documents.

At the hearing on this matter counsel for the CFTC, Ms. Gradman, informed the Court that the contents of Mr. Nauman's office have been removed to the Federal Courthouse. Ms. Gradman also stated that the Bankruptcy Trustee has told her that Mr. Nauman's documents are in total disarray after the move. Accordingly, the CFTC requested the Court to order Mr. Nauman to sift through the documents and produce the ones which are responsive to the CFTC's First Request for Production of Documents served on the Defendants on December 28, 2000. The Court grants in full the CFTC's motion to compel production of documents and, in light of the present circumstances, grants the CFTC's specific request to order Mr. Nauman to sift through the contents of his office now housed at the Federal Courthouse.

The Court orders Mr. Nauman to arrange a time within the next twenty-one days, i.e., between May 3 and May 24, 2001, to gain entrance to the area at the Federal Courthouse housing the contents of his office, and to sort through and immediately produce to counsel for the CFTC every single document responsive to the CFTC's First Request for Production of Documents. If Mr. Nauman fails to comply with the terms of this Court's Order, the CFTC is free to seek further relief as appropriate.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The motion by Plaintiff Commodity Futures Trading Commission to Compel Production of Documents (Doc. No. 50) is **GRANTED IN FULL**. The Court orders Mr. Nauman to arrange a time within the next twenty-one days, i.e., between May 3 and May 24, 2001, to gain entrance to the area at the Federal Courthouse housing the contents of his office, and to sort through and immediately produce to counsel for the CFTC every single document responsive to the CFTC's First Request for Production of Documents.

Dated: May3, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge