IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PENSION AMERICA, INC., SELECTIVE FUTURES MANAGEMENT, LLC, FUTURES PROFIT MAKING, LLC, SPECIALIZED COMMODITY TIMING, LLC, COMMODITY TIMING SPECIALISTS, LLC, EDWARD STEVENSON KIRRIS III, LEONARD G. NAUMAN D/B/A NAUMAN ADVISORY SERVICES and WILLIAM RELF,<br><br>Defendants,<br><br>and<br><br>KIDZ FIRST INTERNATIONAL, INC.,<br><br>Relief Defendant. | Civil Action No.<br>00-2071 RHK/SRN |

CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS EDWARD STEVENSON KIRRIS, III AND SELECTIVE FUTURES MANAGEMENT, LLC.

## I.

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"), filed a complaint against defendants Pension America, Inc. ("PAI"), Futures Profit Making, LLC ("FPM"), Selective Futures Management, LLC ("SFM"), Specialized Commodity Timing, LLC ("SCT"), Commodity Timing Specialists ("CTS"), Edward Stevenson Kirris, III ("Kirris"), Leonard G. Nauman d/b/a Nauman Advisory Services ("Nauman") and William Relf ("Relf") (collectively the "defendants") and relief defendant Kidz First International, Inc. ("KFI") on September 6, 2000, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (1994), and Regulations promulgated

FILED JUL 05 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

thereunder, 17 C.F.R. §§ et seq. (2000).[1] On September 7, 2000, this Court entered a Statutory Restraining Order against the defendants and relief defendant, and on September 15, 2000, this Court entered consent orders of preliminary injunction against Nauman, Kirris, PAI, FPM, SFM and KFI and an Order of Preliminary Injunction against Relf, SCT and CTS.

## II.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against Kirris and SFM without a trial on the merits or any further judicial proceedings, defendants Kirris and SFM:

1. Consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants Kirris and SFM ("Order").

2. Affirm that Kirris and SFM have agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledge service of the Summons and Complaint.

4. Admit jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

5. Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

---

[1] The Act was recently amended by the Commodity Futures Modernization Act of 2000 ("CFMA"), Appendix E to Pub. L. No. 106 – 554 (December 21, 2000). The CFMA did not amend the specific sections of the Act charged in the Complaint.

6. Waive:

a. the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as set forth below;

b. all claims which they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104 121, §§ 231-32, 110 Stat. 862-63, and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq. (2000), relating to, or arising from, this action;

c. any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

d. all rights of appeal from this Order.

7. Kirris and SFM neither admit nor deny the allegations of the Complaint except as to jurisdiction and venue, which they admit. Kirris and SFM agree that neither they nor their agents, employees or representatives acting under their authority or control shall take any action or make any public statement denying, directly or indirectly, any findings or conclusions in the Complaint, or creating or tending to create, the impression that the Complaint is without a factual basis; provided, however, that nothing in this provision shall affect Kirris' and SFM's (i) testimonial obligations, or (ii) their rights to take legal positions in other proceedings to which the Commission is not a party. Kirris and SFM will undertake all steps necessary to assure that all of their agents, employees and representatives understand and comply with this agreement.

8. Kirris and SFM Consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## III.

## FINDINGS AND CONCLUSIONS

It further appearing to this Court that there is no just reason for delay, and the Court being fully advised in the premises, the Court finds that there is good cause for the entry of this Order and finds the following:

1. This Court has jurisdiction over Kirris and SFM and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

## IV.

## ORDER FOR PERMANENT INJUNCTION

Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, IT IS HEREBY ORDERED THAT:

1. Kirris and SFM are permanently restrained, enjoined and prohibited from directly or indirectly:

a. cheating or defrauding or attempting to cheat or defraud other persons, and willfully deceiving or attempting to deceive other persons by any means whatsoever, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(i) and (iii) (1994);

b. willfully making or causing to be made to another person any false report or statement thereof, in violation of Section 4b(a)(ii) of the Act, 7 U.S.C. § 6b(a)(ii) (1994);

c. acting as CPOs without being registered with the Commission, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

d. employing any device, scheme, or artifice to defraud any participant or client or prospective client or participant, or engaging in any transaction, practice, or course of

business which operates as a fraud or deceit upon any client or participant or prospective client or prospective participant while acting as CPOs, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

e. failing to deliver to prospective pool participants a pool Disclosure Document containing the information set forth in Regulation 4.24, 17 C.F.R. § 4.24, in violation of Regulation 4.21, 17 C.F.R. § 4.21.

f. commingling the property of any pool that they operate or intend to operate with the property of any other person, in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c); and

2. Kirris shall be permanently restrained, enjoined and prohibited from directly or indirectly:

a. acting as a CTA where registration as a CTA is required, without being registered with the Commission as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

b. employing any device, scheme, or artifice to defraud any participant or client or prospective client or participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or prospective participant while acting as a CTA, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

3. Kirris and SFM shall be permanently restrained, enjoined and prohibited from directly or indirectly:

a. trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act as amended by the Commodity Futures Modernization Act of 2000, Appendix E, Pub. L. 106-554 (December 21, 2000), , 7 U.S.C. § 1a(29);

b. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any person or entity, whether by power of attorney or otherwise; and

c. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission. This includes, but is not limited to, soliciting, accepting or receiving any funds, revenue or other property from any person, giving commodity

trading advice for compensation, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts.

4. The injunctive provisions of this Order shall be binding upon Kirris and SFM, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Kirris and SFM, and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Kirris and SFM.

## V.

## ORDER FOR OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

1. RESTITUTION: Kirris and SFM shall be jointly and severally liable for $209,000 in restitution plus prejudgment interest thereon of $56,705.80. Kirris shall also be liable for $352,452 in additional restitution plus prejudgment interest thereon of $95,627.10. Kirris and SFM shall pay postjudgment interest from the date of this Order until their restitution obligations are paid in full, at the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a). Kirris' restitution obligation shall be offset by any restitution made by defendants Nauman, Relf, PAI, FPM, SFM, SCT or CTS to investors in the FPM, SFM, SCT and CTS pools. SFM's restitution obligation shall be offset by any restitution made by defendants Nauman, Kirris or PAI to investors in the SFM pool. In any event, Kirris shall not pay total restitution of more than $561,452 plus prejudgment and postjudment interest thereon, and SFM shall not pay total restitution of more than $209,000 plus prejudment and postjudment interest thereon. The persons to whom the restitution amounts shall be paid and the principal amounts of restitution owed to each are set forth in Attachment A hereto, parts I, II and III. Omission from Attachment A shall in no way limit the ability of any investor from seeking recovery from Kirris

and SFM or any other person or entity. Further, the amounts contained in Attachment A shall not limit the ability of any investor from proving that a greater amount is owed from Kirris and SFM or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

2. PAYMENT OF RESTITUTION: Restitution shall be made as follows:

a. Kirris and SFM shall each make an annual restitution payment ("Annual Restitution Payment") to an account designated by a monitor determined by the Commission ("the Monitor") of: (1) a percentage of their adjusted gross income (as defined by the Internal Revenue Code) earned or received by them during the previous calendar year, plus (2) all other cash receipts, cash entitlements or proceeds of non-cash assets received by them during the previous calendar year. The Annual Restitution Payment shall be made on or before July 31 of each calendar year, starting in calendar year 2002 and continuing for ten years or until their restitution amount is paid in full from any source, whichever occurs sooner. The ten year restitution period shall run from January 1, 2001 through December 31, 2010. Restitution payments for a calendar year shall take place by July 31 of the following year. Therefore, the final restitution payment for the year 2010 will occur on or before July 31, 2011.

b. Kirris and SFM agree that the National Futures Association is hereby designated as the Monitor for a period of eleven years commencing January 1, 2001. Notice to the Monitor shall be made to Daniel A. Driscoll, Esq., Executive Vice President, Chief Compliance Officer, or his successor, at the following address: National Futures Association, 200 West Madison Street, Chicago, IL 60606.

c. Kirris and SFM shall provide the Monitor with a sworn Financial Disclosure Statement and complete copies of their signed and filed federal income tax returns, including all schedules and attachments thereto (e.g., IRS Forms W-2) and Forms 1099, as well as any filings they are required to submit to any state tax or revenue authority, for the preceding calendar year, on or before May 15 of each calendar year, or as soon thereafter as the same are filed, starting in calendar year 2002 and continuing for ten years or until the restitution amount is paid in full, whichever occurs first.

d. Based on the information contained in Kirris and SFM's tax returns, Kirris' sworn Financial Disclosure Statement and other financial records, the Monitor shall calculate the Annual Restitution Payment to be paid by Kirris and SFM for that year and the specific amounts payable to each investor. On or before June 30 of each year and starting in calendar year

2002, the Monitor shall send written notice to Kirris and SFM with instructions to pay the Annual Restitution Payment on or before July 31 of that year to an account designated by the Monitor, or, if Kirris' restitution obligation has been satisfied, the amount of civil monetary penalty to be paid in accordance with the payment instructions in Paragraph 3 and 4 below. The Monitor shall then disburse any payment by Kirris and SFM to the investors in the appropriate amounts listed on Attachment A. Based upon the amount of funds available, the Monitor may decide to defer distribution. If at the end of the ten year payment period, any amount of the Annual Restitution Payments has not been distributed, that amount shall instead be paid and applied as a payment to the civil monetary penalty obligation, as provided in paragraphs 3 and 4 below.

3. CIVIL MONETARY PENALTY: Kirris shall pay a contingent civil monetary penalty of $561,452 pursuant to the payment plan outlined in Paragraph 4 below, commencing upon Kirris's fulfillment of his total restitution obligation as set forth in Paragraphs 1 and 2 above. Kirris shall make an annual civil monetary penalty payment ("Annual CMP Payment") following Kirris' satisfaction of his restitution obligation, and continuing until December 31, 2010 (or until the civil monetary penalty is paid in full, if that happens first). Kirris shall make each such Annual CMP payment by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, or her successor, Division of Trading and Markets, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, DC 20581, under cover of a letter that identifies Kirris and the name and docket number of the proceeding; Kirris shall simultaneously transmit a copy of the cover letter and the form of payment to the Monitor and to the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, DC 20581.

4. ANNUAL PAYMENT: The Annual Payment (the Annual Restitution Payments for Kirris and SFM and the contingent Annual Civil Monetary Penalty Payments for Kirris after his full restitution obligation has been satisfied) shall be calculated as follows:

a.

| Where Adjusted Gross Income Plus Net Cash Receipts Total: | Percent of total to be paid by Kirris and SFM is: |
|---|---|
| Under $50,000.00 | 0% |
| $50,000.00 up to and including $100,000.00 | 30% of the amount above $50,000 |
| Above $100,000.00 | $15,000.00 (which represents 30% of the amount between $50,00.00 and $100,000.00) plus 40% of the amount above $100,000.00. |

b. Kirris and SFM shall cooperate fully and expeditiously with the Monitor and the Commission in carrying out all duties with respect to the restitution and civil monetary penalty payments. They shall cooperate fully with the Monitor and the Commission in explaining their financial income and earnings, status of assets, financial statements, asset transfers and tax returns, and shall provide any information concerning themselves as may be required by the Commission and/or the Monitor. Furthermore, Kirris and SFM shall provide such additional information and documents with respect thereto as may be requested by the Commission and/or the Monitor.

5. THIRD-PARTY BENEFICIARIES: Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of the individuals identified in Attachment A is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution amount which has not been paid by defendants, to ensure continued compliance with any provision of this Order and to hold Kirris and SFM in contempt for any past violations of any provision of this Order.

6. COLLATERAL AGREEMENTS: Kirris and SFM shall immediately notify the Commission if they make or have previously made any agreement with any investor obligating them to make payments outside of this Order. Kirris and SFM shall also provide immediate evidence of any payments made pursuant to such agreement in the manner required by Paragraph V. 2. b. Upon being notified of any payments made by Kirris and SFM to investors outside of this Order, the Commission will have the right to reduce and offset Kirris and SFM's obligation to specified investors, on an annual basis, and to make any other changes in the restitution distribution schedule that they deem appropriate.

7. TRANSFER OF ASSETS: Kirris and SFM shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any other person for the purpose of concealing such funds from the Court, the Commission, the Monitor or any investor or until the Restitution Amounts have been paid in full.

8. DEFAULT: Any failure by Kirris and SFM to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default. If any Event of Default occurs the Commission (or its designee) shall be entitled to:

a. an order requiring immediate payment of any unpaid Annual Restitution Payments and/or CMP Payments, or, at the Commission's option, the entire unpaid balance, or any unpaid portion, of the restitution amount and/or civil monetary penalty set forth above in Paragraphs V.1. through 4. above; and/or
b. move the Court for imposition of all other available remedies, including, but not limited to, an order holding Kirris and SFM in contempt for violation of this Order.

Upon the occurrence of an Event of Default based upon a claim or cause of action that Kirris and SFM failed to make any Annual Restitution Payments and/or Annual CMP Payments when due, Kirris and SFM will be barred from asserting any defense, including expiration of any statute of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of Kirris' and SFM's Consent to this Order or while this Order remains in effect. The only issue that Kirris and SFM may raise in defense is whether they have made the Annual Restitution Payments and/or Annual CMP Payments as directed by the Monitor. Any motion by the Commission for entry of an order pursuant to this paragraph requiring payment of less than the full amount of the restitution and/or civil monetary penalty, set forth in Paragraphs V.1. through 4. above, or any acceptance by the Commission of partial payment of the Annual Restitution Payments and/or Annual CMP Payments made by Kirris and SFM, shall not be deemed a waiver of the Commission's right to require Kirris and SFM to make further payments pursuant to the payment plans set forth above, or, in the event of a further Event of Default, a waiver of the Commission's right to require immediate payment of the entire remaining balance, or any unpaid portion, of the restitution amount and/or civil monetary penalty set forth in Paragraphs V. 1 through 4. above.

9. Based upon Kirris' sworn representations in his Financial Disclosure Statement dated December 10, 2000 and other evidence provided by Kirris and SFM to the Commission regarding their financial condition, the Court is not ordering immediate payment of the entire restitution obligation and civil monetary penalty. The determination not to require immediate payment of the entire restitution obligation and civil monetary penalty is contingent upon the accuracy and completeness of Kirris' Financial Disclosure Statement and other evidence provided

by Kirris and SFM regarding their financial condition. If at any time following the entry of this Order, the plaintiff Commission obtains information indicating that Kirris' and SFM's representations to the Commission concerning their financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may move this Court for an order requiring Kirris and SFM to make immediate payment of their entire restitution obligation and/or civil monetary penalty, or of any portion thereof, the amount of which shall be determined by the Commission. In connection with any such motion, the only issues shall be whether the financial information provided by Kirris and SFM was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In its motion, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Kirris and SFM to pay funds or transfer assets or directing the forfeiture of any assets, and the Commission may also request additional discovery. Kirris and SFM may not, by way of defense to such motion, challenge the validity of their Consent or this Order, or contest any of the findings of fact or conclusions of law set forth in this Order, assert that payment of restitution and/or a civil monetary penalty should not be ordered, or contest the amount of the restitution or civil monetary penalty to be paid. If in such motion the Commission moves for, and the Court orders, payment of less than the full amount of the restitution obligation or the full amount of civil monetary penalty, such motion will not be deemed a waiver of the Commission's right to require Kirris and SFM to make further payment pursuant to the payment plans set forth above.

## VI.

## MISCELLANEOUS PROVISIONS

A. ENTIRE AGREEMENT, AMENDMENTS and SEVERABILITY. This Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court. If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

B. WAIVER. The failure of any party at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be, or construed as, a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

C. SUCCESSORS AND ASSIGNS. This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

D. JURISDICTION. This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief Against Kirris and SFM.

**ORDERED** this 5th day of July, 2001.

[signature]
UNITED STATES DISTRICT JUDGE

Consented to and
Approved for Entry by:

**DEFENDANTS**

Edward Stevenson Kirris, III
824 W. 3rd Street
Red Wing, MN 55066

Dated: 4/24/01

Selective Futures Management, LLC
By Edward Stevenson Kirris, III
824 W. 3rd Street.
Red Wing, MN 55066

Dated: 4/24/01

**PLAINTIFF**

Susan J. Gradman
Trial Attorney

Mark H. Bretscher
Senior Trial Attorney

Scott R. Williamson
Deputy Regional Counsel

Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606
Telephone: (312) 353-5990
FAX: (312) 353-4502

Local Counsel:

Joan D. Humes
Attorney Registration No. 214462
Assistant United States Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone (612) 664-5600
FAX (612) 664-5787

# ATTACHMENT A, PART I
## EDWARD STEVENSON KIRRIS RESTITUTIONARY DISTRIBUTION

| Investor Name | Pool Name | Total Cash Investment | Total Prior Cash Distributions | Restitution (Outstanding Balance) | Percent of Restitution Payments to Equalize Return at 100% |
|---|---|---|---|---|---|
| Robert & Bernice Swanson | SFM | $5,000 | $0 | $5,000 | 0.89% |
| Glennis Svendson | SFM | $3,600 | $0 | $3,600 | 0.64% |
| Richard Fredbo | SFM | $31,000 | $0 | $31,000 | 5.52% |
| Gerald Labarre | SFM | $8,000 | $0 | $8,000 | 1.42% |
| James Schatzel | SFM | $10,000 | $0 | $10,000 | 1.78% |
| Leo Tautges | SFM | $95,300 | $0 | $95,300 | 16.97% |
| Steve Stefano | SFM | $4,100 | $0 | $4,100 | 0.73% |
| Berith Johnson | SFM | $13,000 | $13,000 | $0 | 0.00% |
| Karen Sweet | SFM | $7,000 | $0 | $7,000 | 1.25% |
| Patricia Kreitz | SFM | $40,000 | $0 | $40,000 | 7.12% |
| Lois Herrington | SFM | $5,000 | $0 | $5,000 | 0.89% |
| **Subtotal** | **SFM Total** | **$222,000** | **$13,000** | **$209,000** | |
| Janet Martin | FPM | $6,000 | $0 | $6,000 | 1.06% |
| Miriam Peterson | FPM | $5,000 | $0 | $5,000 | 0.89% |
| Mary Ann Sweet | FPM | $7,100 | $0 | $7,100 | 1.26% |
| Juneal Fisk | FPM | $10,000 | $0 | $10,000 | 1.78% |
| Gary Martin Gaurkee | FPM | $18,700 | $0 | $18,700 | 3.33% |
| Betty Belohlavek | FPM | $2,000 | $0 | $2,000 | 0.35% |
| Linda Relf | FPM | $37,000 | $15,000 | $22,000 | 3.92% |
| **Subtotal** | **FPM Total** | **$85,800** | **$15,000** | **$70,800** | |
| David Wiltgen | SCT | $50,000 | $0 | $50,000 | 8.90% |
| Maynard & Lenore Lommel | SCT | $10,000 | $0 | $10,000 | 1.78% |
| John Philipi | SCT | $10,000 | $0 | $10,000 | 1.78% |
| Michael Sczcech | SCT | $80,700 | $0 | $80,700 | 14.37% |
| Doug & Carol Larson | SCT | $18,800 | $0 | $18,800 | 3.35% |
| David Lommel | SCT | $30,300 | $1,648.00 | $28,652.00 | 5.10% |
| **Subtotal** | **SCT Total** | **$199,800** | **$1,648.00** | **$198,152.00** | |
| Gerald Pantzke | CTS | $4,400 | $0 | $4,400 | 0.78% |
| Sam Sherman | CTS | $15,000 | $0 | $15,000 | 2.67% |
| Ron Stellar | CTS | $28,900 | $0 | $28,900 | 5.15% |
| Daryl Sczcech | CTS | $10,000 | $0 | $10,000 | 1.78% |
| Bernard Redinger | CTS | $15,000 | $0 | $15,000 | 2.67% |
| Barbara & Jeffrey Sczcech | CTS | $10,000 | $0 | $10,000 | 1.78% |
| Steve Relf | CTS | $200 | $0 | $200 | 0.09% |
| **Subtotal** | **CTS Total** | **$83,500** | **$0** | **$83,500** | |
| **TOTAL** | **ALL** | **$591,100** | **$29,648.00** | **$561,452.00** | **100.00%** |

**ATTACHMENT A, PART II**

**SELECTIVE FUTURES MANAGEMENT, LLC RESTITUTIONARY DISTRIBUTION**

| Investor Name | Pool Name | Total Cash Investment | Total Prior Cash Distributions | Restitution (Outstanding Balance) | Percent of Restitution Payments to Equalize Return at 100% |
|---|---|---|---|---|---|
| Robert & Bernice Swanson | SFM | $5,000 | $0 | $5,000 | 2.39% |
| Glennis Svendson | SFM | $3,600 | $0 | $3,600 | 1.72% |
| Richard Fredbo | SFM | $31,000 | $0 | $31,000 | 14.83% |
| Gerald Labarre | SFM | $8,000 | $0 | $8,000 | 3.83% |
| James Schatzel | SFM | $10,000 | $0 | $10,000 | 4.78% |
| Leo Tautges | SFM | $95,300 | $0 | $95,300 | 45.60% |
| Steve Stefano | SFM | $4,100 | $0 | $4,100 | 1.96% |
| Berith Johnson | SFM | $13,000 | $13,000 | $0 | 0.00% |
| Karen Sweet | SFM | $7,000 | $0 | $7,000 | 3.35% |
| Patricia Kreitz | SFM | $40,000 | $0 | $40,000 | 19.14% |
| Lois Herrington | SFM | $5,000 | $0 | $5,000 | 2.39% |
| **Total** | **SFM** | **$222,000** | **$13,000** | **$209,000** | **100.00%** |

ATTACHMENT A, PART III
RESTITUTIONARY DISTRIBUTION – NAMES AND ADDRESSES

Betty Belohlavek
5707 Highway 7
Minneapolis, MN 55416-2379

Juneal Fisk
6087 D Courtly Alcove
Woodbury, MN 55125

Richard Fredbo
5252 337th Ave., NW
Cambridge, MN 55008-7424

Gary Martin Gaurkee
2343 135th Ave., NW
Andover, MN 55304

Lois Herrington
R. R. 2 Box 360A
Longville, MN 56655

Patricia Kreitz
992 West Burke
Roseville, MN 55113

Jerald Labarre
8761 Meadowvale Drive
Eden Prairie, MN 55347-2322

Doug & Carol Larson
30761 Heather St., NW
Isanti, MN 55040

David Lommel
19359 East Shore Dr.
Kimball, MN 55353-9779

Maynard & Lenore Lommel
19359 East Shore Dr.
Kimball, MN 55353-9779

Janet Martin
2600 13th St., South

St. Cloud, MN 56301

Gerald Pantzke
40361 County Road 1
Rice, MN 56367

Miriam Peterson
1072 East Gordon Ave.
St. Paul, MN 55109

John Philipi
3835 40th St. South
St. Cloud, MN 56301

Bernard Redinger
S9880 Minnesota Dr.
Eleva, WI 54738

Linda Relf
773 Holden Lane
Hudson, WI 55439

Steven Relf
3 Dellwood Lane
St. Paul, MN 55128

James Schatzel
3933 Bellaire Ave.
White Bear Lake, MN 55110

Barbara & Jeffrey Sczcech
722 – 339th Ave., NE
Cambridge, MN 55008

Daryl Sczcech
38669 Lily St., NW
Stanchfield, MN 55080

Michael Sczcech
34707 Larch Dr., NW
Cambridge, MN 55008

Sam Sherman
P.O. Box 126
Westport, NY 12993

Steve Stefano
4212 Bridgewood Terrace
St. Paul, MN 55127-7805

Ron Stellar
1646 115th St.
Chippewa Falls, WI 54729

Glennis Svendson
2300 Fieldstone Dr.
Mendota Heights, MN 55120-1920

Robert & Bernice Swanson
1177 Edgewater Blvd.
St. Paul, MN 55119

Karen Sweet
16043 First St., North
Lakeland, MN 55043-9571

Mary Ann Sweet
350 Oakwood Dr. #12
New Brighton, MN 55112

Leo Tautges
5483 Spencer Road North
Brainder, MN 56401

David Wiltgen
111 -- 1st Ave., West
P.O. Box 507
Foley, MN 56329